UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN OLSON,

Plaintiff,

v.

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA, et al.,

Defendants.

CASE NO. C19-322 RSM

ORDER

## I. INTRODUCTION

This matter is before the Court on the parties' LCR 37 Submission Regarding Request for Production No. 2. Dkt. #19. The parties seek expedited consideration of their discovery dispute. The Court resolves the issue as follows.

## II. BACKGROUND

Plaintiff is pursuing an action against Defendant, her insurer, for damages sustained in a car accident. Dkt. #1-2 at ¶ 11. Plaintiff previously brought an action against the at-fault driver and ultimately settled for the driver's policy limits on September 24, 2018. *Id.* at ¶ 15. On the basis that she had not been fully compensated for her loss, Plaintiff sought uninsured motorist ("UIM") benefits from Defendant. *Id.* at ¶ 17. Plaintiff made her first demand to Defendant on October 4, 2018. *Id.* at ¶ 18; Dkt. #22-1. Defendant refused to offer any additional benefits and

ORDER – 1

Plaintiff initiated this action seeking contractual and extracontractual claims related to Defendant's handling of her claims. Dkt. #1-2.

Plaintiff served discovery requests on May 22, 2019. Request for Production No. 2 of those requests sought Defendant's "complete file relative to the subject matter." Dkt. #19 at 3. In response, Defendant provided much of its claim file, "but redacted those portions identifying reserves set and evaluations of Plaintiff's claims." *Id.* at 2. Citing the work product doctrine, Defendant asserts that it "redacted only portions of its claim file created after Plaintiff's demand," at which time it reasonably anticipated litigation. *Id.* at 3. Plaintiff seeks unredacted copies of five specific pages, the opportunity to depose Defendant's adjuster, any undisclosed records, and attorneys' fees. *Id.* at 2. The parties met and conferred but were unable to resolve the dispute.

### III. DISCUSSION

#### A. Legal Standard

The Federal Rules of Civil Procedure[1] provide the Court broad discretion to control discovery. *Branch v. Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019) (district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant") (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The scope of permissible discovery is also broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[1] Under the *Erie* Doctrine, a federal court sitting in diversity applies federal procedural law and the substantive law of the forum state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). Applicable here, the work product doctrine is a procedural immunity governed by the Federal Rules of Civil Procedure. *See Union Pacific R. Co. v. Mower,* 219 F.3d 1069, 1077 n.8 (9th Cir. 2000); *Lexington Ins. Co. v. Swanson,* 240 F.R.D. 662, 666 (W.D. Wash. 2007).

ORDER – 2

Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Where requested discovery is not answered, the requesting party may seek to compel such discovery. FED. R. CIV. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

**B. Defendant Does Not Establish That the Relevant Redactions Are Protected**

Defendant asserts work product protection as the only basis for the redactions at issue. Work product protection prevents "exploitation of a party's efforts in preparing for litigation." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992) (quoting *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)). The doctrine is incorporated into the Federal Rules of Civil Procedure, providing that parties ordinarily "may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A).

To be considered work product, documents "must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (9th Cir. 2004)). Documents serving dual litigation and business purposes, must further be created "because of" litigation. *Id.* at 567–68. That is, "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *Torf*, 357 F.3d at 910.

ORDER – 3

Defendant does not satisfy its burden here. First, Defendant does not clearly establish the date upon which it reasonably anticipated litigation. Defendant relies on unsupported assertions that litigation was anticipated as of the date Defendant received Plaintiff's UIM demand letter. Defendant presumably relies on the testimony of its claims adjuster, Lyoan Mey. But the adjuster only testifies to receiving the demand letter for the policy limits, "stating that the 'total value' of Plaintiff's claim 'far exceeds the $200,000 in available insurance.'" Dkt. #22 at ¶ 2. Only defense counsel concludes that the "difference in assessed value provided [Defendant] with a reasonable expectation that the parties would be forced to litigate their dispute." Dkt. #19 at 3.

Secondly, Defendant does not adequately establish that the redacted material was created "because of" the prospect of litigation. Rather, the adjuster again testifies that she "completed [Defendant's] analysis of Plaintiff's claim." Dkt. #22 at ¶ 3. The adjuster appears to have treated Plaintiff's claim as it would any other—seeking a medical evaluation and considering the materials provided. The record does not establish that the material at issue was created because of the prospect of litigation.

The Court's decision is further buttressed by several considerations. The Court finds the adjuster's declaration to be decidedly ambiguous. Nowhere does the adjuster indicate when the redacted information was created, only that the report was *completed* on October 26, 2018. Dkt. #22 at ¶ 3. Nor is there any indication that the Defendant had retained counsel to handle Plaintiff's claim, that anyone requested that the adjuster—who is not an attorney—prepare Defendant's litigation strategy, or that the redacted material was to be used at trial or to inform trial strategy. Lastly, Defendant relies on the "difference in assessed value" as forming the basis for anticipating litigation. Dkt. #19 at 3. But this difference was evident only after Defendant investigated the claim, making litigation evident only after Defendant arrived at its own valuation and communicated to Plaintiff that it would not offer additional compensation.

ORDER – 4

The Court is left with the conclusion that the portions of the documents at issue were created in the ordinary course of business and not because Defendant anticipated litigation. Defendant's cited authorities do not support a different conclusion.[2] As a whole, Defendant has simply not demonstrated that protection of the redacted material would further the purpose of the work product doctrine. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.").[3]

C. **Attorney Fees**

When a motion to compel is granted under Federal Rule of Civil Procedure 37(a), the court is to award "reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). In making the determination, courts calculate the "lodestar amount," which is the number of hours reasonably expended

---

[2] *Lear* appears opposite to the proposition for which it is cited. *See Lear v. IDS Prop. Causualty Ins. Co.*, No. C14-1040RAJ, 2016 WL 3033499, at *5 (W.D. Wash. May 27, 2016) (concluding that certain documents in fact "appear to be dual purpose documents that would have been created in substantially similar form despite the prospect of litigation" and were not protected). Further, page 14, cited by Defendant, does not appear to deal with the documents Defendant references and those documents appear to be dealt with on page 5 following the identifier "16."

The Court is unable to discern the relevance of Defendant's citation to *Flintkote Co. v. Gen. Accident Assurance Co. of Can.*, 692 F. Supp. 2d 1194, 1200 (N.D. Cal. 2010). The ultimately resolution there would seem to support Plaintiff. To the extent Defendant relies on that court's determination of the date from which the work product doctrine would apply, the order does not set forth a factual basis that permits the Court to consider the *Flintkote* court's reasoning.

[3] The Court agrees with Defendant that Plaintiff's additional request for "further discovery through deposition of adjuster and disclosure of any items that are uncovered" is not properly before the Court. *See* Dkt. #19 at 3 n.2. Plaintiff may seek the requested discovery in due course and bring any further disputes before the Court, if necessary.

ORDER – 5

| | |
|---|---|
| 1 | multiplied by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th |
| 2 | Cir. 2008). The lodestar figure is a presumptively reasonable fee award. *Id.* at 977.[4] |

Defendant takes the position that the "Court should [] deny Plaintiff's request for fees because FNIC's opposition to Plaintiff's request was 'substantially justified' under the circumstances.'" Dkt. #19 at 9 (citing FED. R. CIV. P. 37(a)(5)(A)(ii); *see Kelly v. AAA Bowls Unlimited, Inc.*, No. C04-2214C, 2005 U.S. Dist. LEXIS 53551, [2005 WL 8172480] at *6 (W.D. Wash. Sep. 27, 2005) (noting that fees are improper "if there is a genuine dispute or if reasonable people could differ")). But the Court cannot find that Defendant's position substantially justified as Defendant has not provided any authority supporting its position. *See supra*, n.2.

Turning to the lodestar calculation, Plaintiff provides little to support the reasonableness of the hourly rates claimed. Dkt. #20 at 2 (claiming $300/hr. for attorney work and $100/hr. for assistant work). Nevertheless, Defendant does not challenge the rates and the Court finds them reasonable based on its experiences within the district. As to time, Plaintiff claims 3.4 hours of attorney and 3.1 hours of assistant time. *Id.* at 2. Defendant objects, in a footnote, that Plaintiff appears to claim the total time spent "addressing the issue of the redacted discovery," instead of the time "incurred in making the motion." Dkt. #19 at 9 n.10. But Defendant does not argue for any specific reduction to the hours claimed. Nevertheless, the Court finds 3.4 hours of attorney time excessive for Plaintiff's largely narrative briefing and notes that Plaintiff has otherwise not clearly indicated the tasks performed in the time requested. Accordingly, the Court reduces the award by one-half hour, to 2.9 hours.

---

[4] In necessary cases, the Court can use certain factors to alter the lodestar and arrive at a reasonable award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (referencing factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)). No adjustment is necessary in this case.

ORDER – 6

## IV. CONCLUSION

Having considered the LCR 37 submission, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's motion to compel, as set forth in the parties' LCR 37 Submission Regarding Request for Production No. 2 (Dkt. #19), is GRANTED IN PART.

2. Within seven (7) days of this Order, Defendant SHALL PRODUCE unredacted copies of the documents numbered FNIC000124, FNIC000137, FNIC000138, FNIC000139, and FNIC000142.

3. Within twenty-one (21) days of this Order, Defendant shall pay Plaintiff $1,180 for the expenses and attorneys' fees incurred in bringing this matter before the Court.

Dated this 3 day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE